**William A. NEWTON et al., Plaintiffs,**

**v.**

**ADMIRAL CORPORATION, a Delaware Corporation, Defendant.**

**Civ. A. No. 66-C-639.**

United States District Court
D. Colorado.

Aug. 15, 1967.

Kripke, Hoffman & Carrigan, and Duane O. Littell, Denver, Colo., for plaintiffs.

White & Steele, by John E. Clough, Denver, Colo., for defendant.

### ORDER

CHILSON, District Judge.

The complaint alleges that the plaintiffs William A. Newton and Brenda Newton bought an Admiral television set through a distributor; that as a result of a defect in the set, it caught fire and in turn set fire to the Newton house causing damage to the house and personal property of the Newtons.

The complaint alleges three alternative statements of claim, the first based on a breach of warranty, the second, on negligence and the third, on the doctrine of res ipsa loquitur.

The defendant moved to dismiss the first and third claims on the ground that they failed to state a claim upon which relief may be granted. The plaintiffs have confessed the motion as to the third claim and

IT IS HEREBY ORDERED that the third statement of claim is hereby dismissed.

The Court has considered the motion as it applies to the first statement of claim and has considered the memoranda filed in support of and in opposition thereto.

The Court finds no Colorado case law in point and determines that the law which should be here applied is that set forth in Restatement, Second, Torts, § 402A, which states:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

This rule in effect implies a warranty by the seller that the product is free from defects which render the product unreasonably dangerous to the user or his property and applies to the manufacturer of the product as well as any wholesale or retail dealer or distributor. Restatement, Second, Torts, 402(f).

The first statement of claim alleges all the essential facts to meet the requirements of this rule and states a claim which, if proven, entitles plaintiff to recover.

The motion to dismiss the first claim should be denied.

It is therefore ordered that the motion to dismiss the first statement of claim is denied.

It is therefore ordered that the defendant shall answer the complaint within 15 days from this date.