The MIEHLE COMPANY, Division of Miehle-Goss-Dexter, Incorporated, a Delaware corporation, Plaintiff,

v.

SMITH–BROOKS PRINTING COMPANY, a Colorado corporation, Defendant.

Civ. A. No. C–1380.

United States District Court
D. Colorado.

Sept. 4, 1969.

Arthur T. Voss, and Luis D. Rovira, Denver, Colo., for plaintiff.

James D. Doyle, Denver, Colo., for defendant.

## MEMORANDUM OPINION
## AND ORDER

CHILSON, District Judge.

This is an action to replevin a printing press and accessories which were sold by the plaintiff to the defendant. Defendant executed a chattel mortgage on the press and accessories to secure the purchase price, and the defendant being in default in the payment of purchase price installments, instituted this action to repossess the press and accessories.

The defendant, by way of answer and counterclaim alleges the press and accessories were defective and failed to perform in accordance with the contract of purchase, and that plaintiff failed to deliver the press and accessories on time or within a reasonable time.

The defendant does not seek to rescind the transaction, but by counterclaim, seeks damages.

In essence, the counterclaims allege as grounds for recovery of damages, the following:

1. Failure of plaintiff to deliver the press and accessories on time or within a reasonable time.

2. Breach of implied warranty of "merchantable quality"; in other words, a breach of an implied warranty of the fitness of the press and accessories for the purpose for which they were purchased.

3. "Strict liability" for damages resulting from defects in the press and accessories resulting from the manufacture or the modifications, adjustments, or corrections of the press and accessories after their delivery to the defendant.

4. Negligence of the plaintiff in either the manufacture or modifications, or adjustments of the press and accessories resulting in damages to the defendant.

Plaintiff moved to dismiss the counterclaims on the ground that they failed to state claims upon which relief can be granted. The grounds for this motion are:

1. That the counterclaims are barred by the applicable Colorado statute of limitation.

2. That by its terms, the agreement of sale and purchase limits the warrants of the plaintiff to freedom from defects in material or workmanship, and that the plaintiff's obligation under that warranty is limited to replacement or repair of any defective parts.

3. That the doctrine of "strict liability" is not applicable in this case.

The Court has considered the motion and the briefs filed in support of and in opposition thereto and is duly advised.

### STATUTES OF LIMITATION

■ Plaintiff asserts that the counterclaims are barred by 1963 C.R.S. 87–1–8 which provides:

"All personal actions, on any contract not limited by sections 81–1–1 to 87–1–3, 87–1–11, and 87–1–12, or by any other law, in this state, shall be brought within 3 years after the accruing of the cause of action, and not afterwards."

This assertion is without merit. 87–1–11 mentioned in the above quoted statute, provides six years within which both the negligence and implied warranty claims of the defendant may be commenced.

The contract to purchase was executed on July 27, 1964, this action was commenced on April 10, 1969, and the defendant's counterclaims were filed on May 14, 1969, all well within the six-year period allowed.

### WARRANTIES

The contract of sale and purchase contains the following provisions, among others:

"Seller warrants new or reconditioned property manufactured by the seller * * *, to be free from defects in material or workmanship * * *."

"Seller's obligation under said warranty is limited to replacing or repairing, at seller's option, any part or parts

of such property which, upon examination by seller, shall appear to seller's satisfaction to have been defective in material or workmanship at the time of delivery thereof." "In no event shall seller be liable for anticipated profits or consequential damages suffered by purchaser."

"Seller makes no representations or warranty, whether expressed, implied, or implied in law, except as set forth herein."

 The effect of contractual limitations on implied warranties was discussed in Cherokee Investment Co. v. Voiles, Colo., 443 P.2d 727 (1968). Involved in that action was a claim for damages for breach of an implied warranty of fitness in the sale of a water conditioner to plaintiffs. The order form signed by the plaintiffs provided:

"It is agreed that the equipment is purchased by me, subject to the Manufacturer's warranty, and is the only Warranty either expressed or implied made under this order."

The Colorado Uniform Sales Act, C.R.S. 1963 121-1-71 provided:

"Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement * * *."

The Court, in determining the effect of the contractual limitations and section 71 stated:

"The Uniform Sales Act, in providing for an implied warranty of fitness for a particular purpose, announced a public policy adopted by the legislature to give buyers protection against sellers of unfit merchandise under certain conditions. In order to negative this declaration of public policy, the express agreement provided for in Section 71 of the Uniform Sales Act must be clear, unequivocal, and the result of a genuine agreement between the parties. Where sales are made under circumstances such as are present here, and there is an attempt to negative an implied warranty of fitness by a broad general disclaimer, it must appear that the so-called disclaimer was clearly brought to the attention of the buyer and agreed to by him in order for this disclaimer to be effective."

This being a diversity case, the law of Colorado is the law of this case. Whether or not the disclaimer of warranties in the contract here in question bars the counterclaim for breach of an implied warranty of fitness, depends upon whether or not the evidence establishes that the disclaimer agreement meets the tests established in *Cherokee*.

Since questions of fact are involved in determining the effect of the limitation, plaintiff's motion to dismiss the counterclaim based on alleged breach of implied warranty of merchantability or fitness should be denied.

## STRICT LIABILITY

 Plaintiff's motion to dismiss the defendant's counterclaims based on so-called "strict liability" should be sustained. In Newton v. Admiral Corp., D.C., 280 F.Supp. 202, we applied a rule which implied a warranty by the seller that the product is free from defects which render the product unreasonably dangerous to the user or his property. This rule imposes liability for physical harm caused thereby to the ultimate user or his property. The allegations of the complaint do not bring this action within the rule.

## TIME OF DELIVERY

 The contract provides for delivery "about July 1965". Affidavits filed by the plaintiff state that press and accessories were fully installed and operating on April 1, 1965. Affidavits filed by defendant state that all accessories were not completed until January 1966. The record reveals no objection by defendant of a "late delivery" until the filing of its answer and counterclaim in this action in the year 1969.

1963 C.R.S. 121-1-43(2) (Uniform Sales Act) provides that where no fixed date of delivery is mentioned, the seller

is bound to send the goods within a reasonable period of time. Section 121–1–48 provides that the buyer is deemed to have accepted the goods when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them. There are no allegations in the complaint which, if proven, would avoid the effect of this statute.

The plaintiff's motion to dismiss defendant's counterclaim based on failure to deliver on time or within a reasonable time should be sustained.

### NEGLIGENCE

 The defendant, in its "seventh answer, defense and counterclaim" asserts "that the negligence of the plaintiff in either the manufacture, modification, or adjustment of the web offset press with accessories is the proximate cause of damage * * * " which the defendant seeks to recover.

Neither the plaintiff nor defendant discuss this counterclaim in their briefs. On its face, it states a claim which, if proven, would entitle the defendant to relief. The motion to dismiss this counterclaim should be denied.

### MOTION TO STRIKE

We have previously pointed to the provision in the contract of sale and purchase which provides:

> "In no event shall seller be liable for anticipated profits or consequential damages suffered by purchaser."

On the strength of this provision, the plaintiff has moved to strike the defendant's allegations of loss of anticipated profits and consequential damages.

The effect of this provision on plaintiff's liability should be determined by the tests laid down in Cherokee Investment Co. v. Voiles, (*supra*). Whether or not the limiting agreement meets these tests involves questions of fact which cannot be determined in the absence of evidence. The plaintiff's motion to strike the defendant's damage claims should be denied.

It is therefore ordered that the plaintiff's motion to dismiss the defendant's

counterclaims is denied as to the counterclaim of the defendant based on implied warranty of merchantability or fitness and negligence and as to all other counterclaims of the defendant, the plaintiff's motion to dismiss is sustained.

It is further ordered that the plaintiff's motion to strike portions of the complaint is hereby denied.

It is further ordered that the plaintiff answer the remaining counterclaims of the defendant within fifteen days from this date.