# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### March, 1901.

KATHERINE C. K. HAGAN, Respondent, *v.* SIDNEY WARD, as Executor, etc., of ANNA SUTHERLAND, Deceased, and LOUIS V. SONE, Appellants.

*Action to set aside, for fraud, a conveyance made by a decedent, brought by an heir not a beneficiary under her will — it is not maintainable until the will is adjudged to be void.*

The sole heir at law and next of kin of a decedent, who has brought an action to determine the validity of the probate of an instrument propounded as the decedent's last will and testament, under which instrument such heir at law and next of kin obtained no interest or property, cannot, until she has succeeded in setting the instrument aside, maintain an action to rescind a transfer made by the decedent on the ground that it was obtained by fraud, duress and undue influence.

APPEAL by the defendants, Sidney Ward, as executor, etc., of Anna Sutherland, deceased, and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of November, 1900, upon the decision of the court, rendered after a trial at the New York Special Term, overruling their demurrer to the amended complaint.

*George P. Hotaling,* for the appellants.

*Everett V. Abbot,* for the respondent.

Per Curiam:

This action is brought to rescind an agreement and transfer made by Anna Sutherland, now deceased, to Louis V. Sone, which, it is alleged, was obtained by fraud, duress and undue influence. The plaintiff avers that she is the sole heir and next of kin of Anna Sutherland, and as such has brought and is now maintaining in the Supreme Court an action to determine the validity of the probate of an alleged last will and testament of the said Anna Sutherland. The latter, it appears, was in her lifetime legatee and devisee of certain interests by the will of her father and brother; and these interests, as alleged, she transferred for an inadequate consideration to the defendant Sone and thereafter died, leaving the last will and testament which has been admitted to probate, but under which, seemingly, the plaintiff obtained no interest or property.

We do not see upon what theory the plaintiff can maintain this action until such time as she has succeeded in the suit brought by her to set aside the will; because, as matters now stand, she has no right or interest in the property covered by the contract sought to be rescinded, nor in the property left by Anna Sutherland by her last will and testament. Upon this ground we think that the demurrer to the complaint should have been sustained.

The interlocutory judgment appealed from should, therefore, be reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiff within twenty days to plead over upon payment of costs in this court and in the court below.

Present—Van Brunt, P. J., Rumsey, Patterson, O'Brien and McLaughlin, JJ.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff within twenty days to plead over on payment of costs in this court and in the court below.