ROBERT BOULANGER et al., complainants-respondents,

*v.*

SOPHIE HETZEL et al., defendants-appellants.

[Submitted and decided November 18th, 1910.]

Heirs-at-law seeking through the aid of the court of chancery to set aside a deed of land procured from their deceased ancestor by fraud and undue influence are not deprived of their standing for that purpose by the fact that the ancestor has executed an instrument purporting to be a will and to devise the same land to the grantees in the deed but which instrument is admittedly invalid for such purpose.

On appeal from an order of the court of chancery overruling a demurrer to bill of complaint.

*Mr. Samuel A. Besson,* for the appellant.

The opinion of the court was delivered by

PARKER, J.

The bill is brought by certain heirs-at-law of Marianne Obry, deceased, and seeks to have set aside two deeds made by her in her lifetime to the defendants, Sophie and Frank Hetzel, as having been procured by fraud and undue influence. The sole ground on which the demurrer, which was overruled below, is rested in this court is that "the court of chancery is without jurisdiction to grant the relief prayed for in the bill." Counsel very properly does not deny that if the bill presented simply the case set forth above, the court of chancery would have full jurisdiction, but maintains that because the bill alleges, in addition, that after the deeds attacked were made, the decedent, through fraud, undue influence, and duress of said defendants, and while mentally incompetent to do so, made a paper-writing purporting to be a will, devising to the said defendants the same property de-

scribed in the deeds, which paper has been offered for probate, but is awaiting adjudication by reason of a caveat filed by one of complainants; that complainants have thereby shown that they have no standing as heirs-at-law to attack the deeds, and can have none until (in the language of counsel) the will, which complainants admit exists, is set aside. But this is manifestly not so, as complainants have made no such admission. On the contrary, they set up facts which necessarily negative the idea that there is any lawful will, and indicate that the paper in question is not the will of Marianne Obry because of the fraud, undue influence, &c., set up in the bill; and this the demurrer necessarily admits. For the purposes of this demurrer, therefore, complainants stand as if no paper testamentary in form had ever been signed.

The order brought up will be affirmed, with costs.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Congdon—13.

*For reversal*—None.