## No. 10,579.

### JAMES ET AL. *v.* JAMES.

Decided April 7, 1924.

Action to set aside transfers of property. Judgment for defendant.

*Reversed.*

1. FRAUD—*Undue Influence.* Undue influence is classed as a species of fraud, and a charge of undue influence is substantially that of fraud.

2. PLEADING—*Fraud.* An allegation in a complaint that the grantor of property was of unsound mind and memory, of which condition grantee took advantage in obtaining conveyances, charges defendant, if not with actual, with constructive fraud.

3. FRAUD—*Constructive—Limitations.* Although fraud is constructive, it is within the statute of limitations.

4. TRUSTS—*Limitations.* The statute of limitations applicable in a

suit to enforce a trust, constructive or otherwise, is section 6404, C. L. '21.

5.  LIMITATION OF ACTIONS—*Cancellation of Deeds.* Suits to cancel deeds are not for the recovery of lands within the meaning of section 6418, C. L. '21, concerning limitation of actions. The section has no application to such suits.

6.  *Cause of Action—When Accrued.* Where a decedent leaves a will, a person who would take as heir, but who would take nothing under the will cannot sue to cancel a deed of decedent's property until he has succeeded in a suit to have the will set aside, at which time his cause of action would accrue.

7.  *Court Decrees.* Where the rights of parties are to be determined in a particular suit, the cause of action in favor of either as against the other accrues only upon a final determination of the suit, and the statute of limitations is not set in motion by a decree of an intermediate court.

8.  ACTIONS—*When Pending—Limitations.* An action is pending so far as suspending the statute of limitations is concerned, until the final disposition of the appeal, if one is taken.

*Error to the District Court of Moffat County, Hon. Gilbert A. Walker, Judge.*

Mr. JOHN T. BOTTOM, Mr. W. B. WILEY, for plaintiffs in error.

Mr. FRANK DELANEY, Mr. ERNEST MORRIS, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit brought by certain heirs of Thomas E. James, deceased, principally to set aside certain transfers of real and personal property made, or attempted to be made by the decedent in his life time to the defendant, William H. James. There was a judgment on the pleadings in favor of defendant. The plaintiffs bring the cause here for review.

The trial court held that each cause of action set forth in the complaint was barred by some one or the other of the statutes of limitations pleaded in the answer. The

correctness of this ruling is the ultimate question to be determined.

The complaint was filed July 15, 1920. The deeds to the real property were made and recorded about or prior to May 16, 1912. The bill of sale transferring the personal property to defendant was executed on February 27, 1913. Thomas E. James, the grantor and transferor, died May 10, 1913. It is sought to set aside these deeds and the bill of sale on the ground that they were obtained by defendant by undue influence exerted upon the grantor, and were executed while the grantor and transferor was mentally incompetent. The plaintiffs are the heirs of Thomas E. James. As such heirs they bring this suit to set aside the conveyances and transfers of property by Thomas E. James, who died intestate, his will being void and so adjudged in litigation terminating with our decision in *James v. James,* 64 Colo. 133, 170 Pac. 385.

At the outset it becomes necessary to determine some questions relative to the applicability of particular statutes of limitation.

Undue influence is classed as a species of fraud. 26 C. J. 1060. A charge of undue influence is substantially that of fraud. *Clough v. Clough,* 10 Colo. App. 433, 51 Pac. 513. If the defendant obtained the transfers by exerting undue influence over the grantor, and the transfers were due to no other cause, the statute of limitations which would apply would be section 6403 C. L. 1921, which is: "Bills for relief, on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud and not afterwards."

It is alleged that the grantor was of unsound mind and memory, and that the defendant took advantage of the grantor's enfeebled condition in obtaining the conveyances. This is charging the defendant, if not with actual fraud, with constructive fraud. 26 C. J. 1061. In *Pipe v. Smith,* 5 Colo. 146, 157, it was said that "although the fraud charged is constructive, it is within the statute."

According to some of the allegations contained in the complaint, it is sought to enforce a constructive trust arising because the defendant has acquired property under circumstances which make it inequitable that it should be retained by him. 39 Cyc. 169. The statute of limitations applicable in a suit to enforce a trust, constructive or otherwise, is section 6404, C. L. 1921, which reads as follows: "Bills of relief, in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within five years after the cause thereof shall accrue, and not after."

The plaintiffs in error contend that as to the causes of action in the instant case which involve the cancellation of the deeds to real estate, the statute of limitations which applies is the twenty year statute, section 6418, C. L. 1921, reading as follows: "That no person shall commence an action for the recovery of lands, or make an entry thereon, unless within twenty years after the right to bring such action or make such entry first accrued, or within twenty years after he or those from, by or under whom he claims, have been seized or possessed of the premises, except as hereinafter provided."

There is no decision in this state which would dispose of this contention. In other jurisdictions there is a conflict of opinion as to whether an action for the cancellation of deeds is one for the recovery of real property. 9 C. J. 1204, section 85. We are of the opinion that the twenty year statute is not applicable, and that suits to cancel deeds are not "for the recovery of lands," within the meaning of the twenty year statute of limitations. In *Mexican Nat. Coal, T. & I. Co. v. Frank,* 154 Fed. 217, 235, it was said that: "A suit is not necessarily one 'for recovery of real estate,' because such recovery will follow as an incident to the plaintiff's success."

It becomes necessary to determine when the causes of action involving the conveyances and transfers above mentioned accrued. If, as defendant claims, they accrued at

the time of the death of Thomas E. James, then the judgment below is right, since the suit was brought more than seven years after such time. But the plaintiffs contend that the causes of action could not have accrued at that time, because the decedent, Thomas E. James, left a will which was offered for probate and which was not adjudged to be invalid until some time afterwards. This will was executed on February 27, 1913. If the same had been adjudged valid, the plaintiffs herein would take thereunder none of the property involved in this suit. In that will the testator referred to the conveyances of real estate, which are now involved in the instant case, and confirmed the same. The will further provided that if for any reason the deeds shall be defective in form or insufficient to convey the property therein described, or any part thereof, or any part of the testator's ranches in Moffat and Rio Blanco counties, Colorado, then the property is devised and bequeathed to William H. James, who is the defendant here. Under a residuary clause of the will, William H. James was made the sole devisee and legatee of all property within the purview of such clause. The contents of the will are more fully shown in *James v. James, supra.*

The will was contested. It was finally adjudged to be invalid. The contention of the plaintiffs in error, plaintiffs below, is that the cause or causes of action herein sued on did not accrue until the will was adjudged to be invalid.

In 2 Black on Rescission and Cancellation, 1303, section 551, the author says: "And where the decedent leaves a will, the validity of which has been attacked in the probate court, where an issue upon its probate is pending, a person who would take as heir of the decedent if the latter died intestate, but who would take nothing under the will, cannot sue to cancel a deed of the decedent's property until he has succeeded in his suit to have the will set aside or to have probate refused."

The author cites in support of the foregoing text: *Hagan*

v. *Ward,* 58 App. Div. 258, 68 N. Y. S. 1003, and *Murray
v. McGuire,* 129 Ga. 269, 58 S. E. 841. To the same effect
is *Gilkeson v. Thompson,* 210 Pa. 355, 59 Atl. 1114, cited
in 18 C. J. 905. The defendant cites, as holding to the
contrary, the case of *Boulanger v. Hetzel,* 78 N. J. Eq. 281,
78 Atl. 150, cited in 18 C. J. 905, but in that case the com-
plaint alleged the invalidity of the will, and the demurrer
admitted it. The decision is not opposed to those cited by
plaintiffs. In our opinion the plaintiffs' causes of action
did not accrue until the will of Thomas E. James, de-
ceased, was adjudged to be invalid. If the will had been
adjudged valid, plaintiffs would have no interest in the
property involved in the instant case, because the present
defendant was the sole beneficiary under such will. To
hold that plaintiffs could have brought this suit to cancel
deeds before the adjudication of the invalidity of the will,
would be permitting a collateral attack on a will, since
the plaintiffs could not prevail without establishing the
invalidity of the will.

It must next be determined what adjudication, or the de-
cision of what court, started the running of the statutes
of limitation in this case. The defendant claims that it
was the judgment of the district court, which adjudged the
will to be invalid, on October 14, 1914. The plaintiffs
claim that it was the decision of this court in *James v.
James, supra,* wherein we reviewed the judgment of the
district court and affirmed it, on January 8, 1918.

Ordinarily where a statute of limitations is stayed dur-
ing the pendency of legal proceedings or litigation, the
statute begins to run from the date of the final judgment
in such proceedings. 25 Cyc. 1279. Defendant contends
that the statutes of limitation, if ever suspended by the
will contest, began to run, in this case, from the date of
the judgment of the district court, October 14, 1914, be-
cause the judgment was never stayed, nor any super-
sedeas ever granted. That might be true if he had al-
lowed the litigation to end with such judgment, but he
himself prolonged the litigation by suing out the writ of

error. Where the rights of parties are to be determined in a particular law suit, the cause of action in favor of either as against the other accrues only upon a final determination of the suit, and the statute of limitations is not set in motion by a decree of an intermediate court. 19 A. & E. Enc. Law (2nd ed.) 195. An action is pending, so far as suspending the statute of limitations is concerned, until the final disposition of the appeal. 17 R. C. L. 876.

In our opinion the statutes of limitation began to run from the time the judgment of this court in *James v. James, supra,* was rendered and became final, which was less than three years before the present suit was instituted. The instant case was therefore instituted in apt time. It was error to render judgment for defendant on the pleadings on the ground that the suit is barred by statutes of limitation.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.