Sophia MORGAN, Plaintiff,

v.

DAIN BOSWORTH, a Delaware corporation, and Richard Lawrence, Defendants.

No. 81–K–1730.

United States District Court, D. Colorado.

Aug. 16, 1982.

Bruce A. Smith, Cogswell & Wehrle, Denver, Colo., for plaintiff.

Wiley E. Mayne, Joseph W. Halpern, Holland & Hart, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action under § 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, for damages to the plaintiff due to the defendants' alleged fraudulent conduct in connection with the sale or purchase of securities. The plaintiff also includes state law claims for common law fraud, breach of fiduciary duties, negligence and constructive trust. Jurisdiction is founded on 15 U.S.C. § 78aa and on pendent jurisdiction over the state law claims. This matter is now before me on the defendants' motion for summary judgment, pursuant to Rule 56(b), F.R.Civ.P. The defendants assert that the plaintiff's cause of action accrued in October, 1977, that the plaintiff filed his complaint in September, 1981 and that therefore, the entire action is barred by the three-year statute of limitations applicable in fraud actions, C.R.S. § 13–80–108 (1973). For the following reasons, the motion is denied.

First, the three-year statute of limitations is not even applicable to claims premised on breach of fiduciary duties, *see Laymon v. McComb*, 524 F.Supp. 1091, 1095 (D.Colo.1981); *Hall v. Swann*, 117 Colo. 349, 357, 188 P.2d 437, 441 (1947); *Morgan v. King*, 27 Colo. 539, 558–59, 63 P. 416, 422 (1900) (Five-year statute applies), or constructive trust, *see James v. James*, 75 Colo. 164, 167, 225 P. 208 (1924); *Morgan v. King*, 27 Colo. at 558–59, 63 P. 416. (Five-year

statute applies) or negligence, *see Miehle Co. v. Smith-Brooks Printing Co.*, 303 F.Supp. 501, 502 (D.Colo.1969) (Six-year statute applies). Accordingly, even if the plaintiff's cause of action accrued four years before the commencement of the action, those claims are not barred by the applicable limitations periods.

■ Second, while the plaintiff's common law fraud claim is subject to the three-year statute, the state-law tolling provision for fraud claims, C.R.S. § 13–80–109 (1973), is applicable. This section provides that "Bills of relief on the ground of fraud shall be filed within three years after discovery by the aggrieved party of the facts constituting such fraud, and not afterwards." The Colorado Supreme Court has interpreted this section to require filing within three years from when the defrauded person has knowledge of facts "which in the exercise of proper prudence and diligence would enable him to discover the fraud perpetrated against him." *Greco v. Pullara*, 166 Colo. 465, 467, 444 P.2d 383 (1968). However, since the Tenth Circuit has stated that the issue of proper diligence under Colorado law should apparently be left to a jury, *see State of Ohio v. Peterson, Lowry, Rall, etc.*, 651 F.2d 687, 692 (10th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1982), summary judgment on that claim is improper. *See also Owens v. Bochner,* 172 Colo. 525, 532, 474 P.2d 603 (1970); *Norton v. Leadville Corp.,* 610 P.2d 1348, 1350 (Colo.App.1980).

■ The analysis of the limitations issue on the federal securities fraud claim is somewhat more complex. "Since there is no federal statute of limitations applicable to private actions under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and S.E.C. Rule 10b–5 promulgated

thereunder, the limitations period is supplied by the forum state." *State of Ohio,* 651 F.2d at 691. For actions in the district of Colorado, the Tenth Circuit has held that the three-year statute of limitations applicable in common law fraud actions should be applied in federal securities fraud actions. *See id.; Aldrich v. McCulloch Properties Inc.,* 627 F.2d 1036, 1041 (10th Cir. 1980). However, the applicable tolling rule is supplied by federal jurisprudence. *State of Ohio,* 651 F.2d at 621.[1]

"Federal equitable tolling provides that when a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered." *Id.* at 692. While there is "some room for discretion by the court on the issue of plaintiff's discovery and diligence in cases under § 10(b) when the pleadings show that the action would be time-barred but for the equitable doctrine," the documents before the court must satisfy a "stringent test." *Id.* at 693–94.

■ In the instant case, the plaintiff made all of her securities purchases from the defendants in April and May of 1977. The plaintiff alleges that the defendant, Dain Bosworth, a brokerage firm, through its then employee and registered representative, the defendant, Richard Lawrence, induced her to make these stock purchases through a series of material misrepresentations, omissions and other conduct. Specifically, the plaintiff alleges that the defendants stated among other statements, that she would become rich, that her profits would pyramid so fast that she would be unable to keep track of her money and that despite the fact that she was purchasing those securities on the margin, she would

---

1. In *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036 (10th Cir. 1980), the Tenth Circuit held that after the Supreme Court's opinion in *Bd. of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), it is an open question whether state or federal tolling rules apply but that it made no difference in the federal securities cases in the district of Colorado because the Colorado and federal tolling rules are identical. However, the Circuit ruled, just nine months later, that there is a difference in the Colorado and federal tolling rules, that the *Tomanio* decision does not present an open question whether state or federal tolling rules should apply in federal securities fraud cases and that federal tolling rules are applicable in such cases. *See State of Ohio,* at 691–92.

never have to make margin calls because investment in these particular companies would be so profitable that margin calls would not occur. On October 4, 1977, the plaintiff received a margin call and was forced to sell three-hundred shares in order to meet the margin.

The defendants assert that at the time of the October 4, 1977 margin call, the plaintiff, in the exercise of reasonable diligence should have discovered the defendants' alleged fraud because her investments were declining in value and becoming subject to margin call. Indeed, the plaintiff even admitted that after the margin call and no later than November, 1977, she knew "that they [the investments] weren't doing what he [Lawrence] said they had said they were going to do." (Morgan Depo. at 83).

The plaintiff asserts, however, that she was an unsophisticated investor, inexperienced with the stock market and brokers and that Lawrence made statements to her in November, 1977, regarding the fact that he had intended her investments to be long-term and that her investments would be successful. These statements, allegedly, assuaged the plaintiff's fears and concealed the fact that her investments were inappropriate for her. *See* (Morgan Depo. at 109–110).

There is much federal authority holding that the statute of limitations begins running in a securities fraud case when a securities investor learns that an investment represented as having a low risk and high potential performs directly contrary to those representations. *See e.g., Buder v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690 (8th Cir. 1981); *Koke v. Stifel. Nicolaus & Co., Inc.,* 620 F.2d 1340 (8th Cir. 1980); *Hupp v. Gray,* 500 F.2d 993 (7th Cir. 1974); *Murray v. Shearson Hayden Stone Inc.,* 524 F.Supp. 304, CCH Fed.Sec.L. Rep. ¶ 98,403 (N.D.Ga.1980). Some courts have even held that a margin call placed plaintiffs on notice of alleged frauds. *See Murray v. Shearson Hayden Stone Inc.,* at *id.; cf. Arrington v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 651 F.2d 615, CCH Fed.Sec.L.Rep. ¶ 98,237 (9th Cir. 1981).

However, I am unaware of any authority in which a court granted summary judgment on such grounds where the plaintiff was an unsophisticated investor and was reassured of the prudence of her investment by her broker after her investment initially performed poorly. Given these circumstances, I find that there is a genuine question of fact of when the plaintiff, through reasonable diligence, should have discovered the facts underlying her federal securities fraud claim.

Accordingly, it is hereby

ORDERED that the motion for summary judgment is denied. It is

FURTHER ORDERED that the parties shall submit proposed jury instructions within thirty (30) days from the date of this order. Standard instructions are available from the court.