*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 23-CV-0977

TYROSHI INVESTMENTS, LLC, APPELLANT,

V.

U.S. BANK, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK, N.A., APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2020-CA-001727-B)

(Hon. Robert R. Rigsby, Trial Judge)

(Argued June 12, 2025                    Decided September 11, 2025)

*Ian G. Thomas*, with whom *Tracy L. Buck* was on the brief, for appellant.

*Melissa O. Martinez* for appellee.

Before BECKWITH and DEAHL, *Associate Judges*, and CROWELL, *Associate Judge, Superior Court of the District of Columbia*.[*]

DEAHL, *Associate Judge*: This appeal arises from a 2014 foreclosure sale of a condominium unit to Tyroshi Investments. More than six years after that sale, U.S. Bank—which had ostensibly purchased the unit at a second foreclosure sale in the

---

[*] Sitting by designation per D.C. Code § 11-707(a).

interim—sued Tyroshi and sought a judgment declaring that the 2014 sale was invalid and that U.S. Bank was thus the unit's rightful owner. In addition to defending the legality of that 2014 sale and explaining why it extinguished any interest U.S. Bank might potentially have in the unit, Tyroshi responded that U.S. Bank's claims were untimely. The trial court disagreed, reasoning that the fifteen-year limitations period applicable to actions "for the recovery of lands" applied. D.C. Code § 12-301(a)(1). The trial court further agreed with U.S. Bank that the 2014 foreclosure sale was invalid, declaring U.S. Bank to be the unit's rightful owner.

The dispositive issue in this appeal is whether U.S. Bank's claims were "for the recovery of lands" and subject to the extended limitations period provided by Section 12-301(a)(1). They were not. That extended limitations period applies only to adverse possession or ejectment-type claims seeking to recover physical possession of real property from a party wrongfully occupying it. This case did not involve a possessory action at all. Instead, U.S. Bank's claim to title required it to first invalidate the 2014 foreclosure sale on theories that sound in tort, like wrongful foreclosure, and breach of contract. The limitations periods applicable to those claims had lapsed long before U.S. Bank brought suit, so that its claims were time-barred. We therefore reverse the trial court's judgment and remand for further proceedings.

## I. Background

The facts underlying this appeal are largely undisputed. In 2007, Diana Gaines purchased a condo unit in Jenkins Row, a building located in Capitol Hill. She financed that purchase with a $271,100 loan from First Savings Mortgage Corporation and executed a promissory note for that amount secured by a deed of trust. The loan and deed of trust were subsequently transferred to Wells Fargo Bank, which serviced the loan on behalf of the Federal National Mortgage Association ("Fannie Mae") from 2009 to 2015. Gaines was required to repay that loan in regular installments, and she was likewise required to pay periodic condominium assessments to the Jenkins Row Unit Owners' Association. She fell behind on both sets of payments.

The condo association filed a notice of foreclosure on the unit in 2014, and it notified Wells Fargo of the upcoming sale. Later that year it sold the unit to Tyroshi at a foreclosure sale for $10,000. That sale occurred before this court's decisions made clear that a condo association's foreclosure sale to recover past dues, at least at the time of the 2014 sale, extinguishes the first deed of trust on the unit. *See generally Flagstar Bank, FSB v. Advanced Fin. Invs., LLC*, 333 A.3d 851, 856-57 (D.C. 2025) (summarizing precedents on the topic). Tyroshi then rented the unit out to third-party tenants. Later, in 2015, Fannie Mae and Wells Fargo transferred their

interests in the loan and deed of trust to U.S. Bank. U.S. Bank then initiated its own judicial foreclosure proceedings as authorized by the first deed of trust. U.S. Bank, aware that Tyroshi "might have some interest" in the unit, notified Tyroshi of the upcoming foreclosure sale. U.S. Bank then purchased the unit at that judicial foreclosure sale in August 2016 for $385,000, and it recorded its deed in December 2016. Tyroshi did not record its deed until July 2018.

After U.S. Bank's ostensible purchase, Tyroshi's tenants continued to occupy the unit for a time, while U.S. Bank paid the taxes and condominium assessments due on the property. In 2020, Tyroshi sought to move a new tenant into the unit but discovered that Jenkins Row had deactivated their key fobs and thereby cut off Tyroshi's physical access to the unit. Jenkins Row explained that its records showed that U.S. Bank, which had been paying the condo assessments, was the unit's owner. *Tyroshi Invs., LLC v. Jenkins Row Unit Owners' Ass'n*, No. 21-CV-340, Mem. Op. & J. at 2 (Mar. 8, 2023). Tyroshi sued the condo association for wrongful eviction, *id.*, and U.S. Bank intervened in the suit to assert its own claims that it was the unit's legal owner. The condo association has since fallen out of the case and what remains is a dispute between Tyroshi and U.S. Bank about which of them is the rightful owner of the unit.

Relevant here, in September 2020 U.S. Bank brought claims against Tyroshi for quiet title and seeking declaratory judgments that the 2014 foreclosure sale was void and that U.S. Bank was the unit's rightful owner. U.S. Bank also contended that, even if it was not the legal owner, its tax and condo assessment payments on the unit since 2016 unjustly enriched Tyroshi so that Tyroshi should be required to repay those amounts. Tyroshi countered that the condo association's 2014 foreclosure sale extinguished the first deed of trust that U.S. Bank foreclosed on, so that Tyroshi was the unit's legal owner. *See* D.C. Code § 42-1903.13 (condominium associations have super-priority lien); *Chase Plaza Condo. Ass'n, Inc. v. JPMorgan Chase Bank*, 98 A.3d 166, 172 (D.C. 2014) ("Any liens that are unsatisfied by [a condominium association's] foreclosure-sale proceeds are extinguished."). It further argued that U.S. Bank's attempts to upend that 2014 sale were untimely because they were first raised more than six years after the sale itself, beyond any relevant limitations period.

After a bench trial, the trial court ruled that U.S. Bank's claims were timely because it was seeking the "recovery of lands," so that a fifteen-year statute of limitations applied to its claims. D.C. Code § 12-301(a)(1). The court then issued declaratory judgments that the 2014 foreclosure sale was "invalid on unconscionability grounds" and that "U.S. Bank is the legal owner" of the condo unit.

Tyroshi now appeals.

## II. Analysis

The threshold issue in this appeal is whether the Superior Court correctly applied the fifteen-year statute of limitations applicable to actions for the "recovery of lands" under D.C. Code § 12-301(a)(1). We review that statutory interpretation question de novo. *Boyd v. Kilpatrick Townsend & Stockton*, 164 A.3d 72, 78-79 (D.C. 2017). Because U.S. Bank's claims are not properly characterized as actions for the recovery of lands, we hold that the trial court erred in applying that extended limitations period. And U.S. Bank's claims—save for a portion of its unjust enrichment claim—were untimely under any other potentially applicable limitations period. We thus have no occasion to address the remaining merits disputes between the parties because U.S. Bank's claims were generally time-barred.

### A. U.S. Bank's claims are untimely.

Most claims in the District of Columbia are subject to a statute of limitations period in the one- to five-year range, with three years being the most typical. *See* D.C. Code § 12-301 (delineating particular limitations periods for various actions, generally ranging from one to five years); *id.* § 12-301(a)(8) (codifying a three-year limitations period for any action "for which a limitation is not otherwise specially

prescribed"). U.S. Bank first sought to set aside the 2014 foreclosure sale to Tyroshi in 2020, more than six years after it acknowledges that its claim against Tyroshi accrued. So if U.S. Bank's claims are to survive Tyroshi's limitations defense, it will have to identify one of the few narrow outlier limitations periods that exceed the five-year mark. U.S. Bank identifies just one potential candidate for that task, arguing that its actions are "for the recovery of lands, tenements, or hereditaments," to which a fifteen-year limitations period applies. D.C. Code § 12-301(a)(1). The parties advance two very different interpretations of when that fifteen-year limitations period applies.

U.S. Bank advances the broad view, seemingly adopted by the trial court, that all "[q]uiet title actions are actions for the recovery of lands and are, therefore, subject to a fifteen-year statute of limitations." Tyroshi counters that this fifteen-year limitations period applies only to possessory actions, where the owner of a property seeks to physically oust a trespasser or other wrongful occupant.

Tyroshi has the better of the argument. While "the recovery of lands" is an anachronistic phrase, it was widely understood historically to mean an ejectment action, i.e., one that seeks to retake physical possession of a property from a trespasser. *See, e.g.*, *Staffan v. Zeust*, 10 App. D.C. 260, 261, 263 (D.C. 1897) ("Nothing short of physical occupation and resistance of the plaintiff's entry can

support the action" for "the recovery of the land."); *Thomson v. Locke*, 1 S.W. 112, 114 (Tex. 1886) ("An action for the recovery of lands has a well-known and definite signification, and means an action of ejectment, trespass to try title, or suit to recover the land itself. The 'recovery of land' manifestly has reference to the possession." (internal quotation marks omitted)); *Knight v. Valentine*, 29 N.W. 3, 4 (Minn. 1886) ("[A]n action for the recovery of real property" means the "recovery of possession is sought"—e.g., an ejectment action—but "it does not include all actions in which the title may come in question, and be determined."). To this day, provisions in the D.C. Code expressly describe actions for the recovery of lands as ejectment actions. *See, e.g.*, D.C. Code § 16-1111 (referring to an "ejectment" action as one "for the recovery of the land" and vice versa).

It is thus no accident that this fifteen-year limitations period for seeking the recovery of lands mirrors the fifteen years required to establish title by adverse possession. *Gan v. Van Buren St. Methodist Church*, 224 A.3d 1205, 1206-07 (D.C. 2020) (explaining that a one-time trespasser can themselves "establish title by adverse possession" if they openly, continuously, and adversely occupy another's property for "a period of fifteen years" (quoting *Sears v. Cath. Archdiocese of Washington*, 5 A.3d 653, 658 (D.C. 2010)); *see also* D.C. Code § 16-1113 (adverse possession defense arises where one "exercised control over the property for a period of fifteen years"). They are flipsides of the same coin, both concerned exclusively

with the physical possession of real property. 10 Thompson on Real Property § 87.14 (2024) (Statutes "prescribing the period for the commencement of an action to recover real estate refer[] to adverse possession."); *Patton v. N. Jersey Dist. Water Supply Comm'n*, 459 A.2d 1177, 1180 (N.J. 1983) ("The heart of the [adverse possession] doctrine is the failure of the owner to commence an action for *recovery of the land* within the designated period of the statute of limitations." (emphasis added)). This court has in fact routinely, if somewhat imprecisely, cited to D.C. Code § 12-301's limitations period as if it establishes the fifteen-year period required for adverse possession.[1]

U.S. Bank's contrary view that all quiet title actions are actions seeking the recovery of lands paints with too broad a brush. It is not only contrary to all of the authorities above and without precedential backing of its own,[2] but it is contrary to

---

[1] *Aleotti v. Whitaker Bros. Bus. Machines*, 427 A.2d 919, 922 (D.C. 1981); *Chaconas v. Meyers*, 465 A.2d 379, 381 (D.C. 1983); *Est. of Wells v. Est. of Smith*, 576 A.2d 707, 709 & n.2 (D.C. 1990); *Smith v. Tippett*, 569 A.2d 1186, 1189 (D.C. 1990); *Hefazi v. Stiglitz*, 862 A.2d 901, 911 (D.C. 2004); *Sears*, 5 A.3d at 658. Other times, we have more exactly described Section 12-301 as simply setting a limitations period that is often at the forefront of adverse possession disputes. *See Est. of Patterson v. Sharek*, 924 A.2d 1005, 1012 (D.C. 2007).

[2] Like the trial court, U.S. Bank cites to just one potentially contrary but non-binding authority, in which a federal district court opined that a "quiet title" claim is "an action that, at least in part, seeks 'the recovery of lands.'" *Lancaster v. Fox*, 72 F. Supp. 3d 319, 325 (D.D.C. 2014). That single unelaborated sentence in a non-

the broadly accepted view that when there is no specific "statute of limitations governing quiet title actions as such," as in the District, courts must look "to the underlying theory of relief" to discern the relevant limitations period. *Muktarian v. Barmby*, 407 P.2d 659, 661 (Cal. 1965); *Bangerter v. Petty*, 225 P.3d 874, 878 (Utah 2009) (same); *Walter v. Walter*, 853 S.E.2d 318, 325 (N.C. Ct. App. 2020) (same); 74 C.J.S. Quieting Title § 58 (2025) (explaining that "the limitations period for a quiet title cause of action depends on the underlying theory of relief" and collecting cases); 65 Am. Jur. 2d Quieting Title and Determination of Adverse Claims § 46 (2025) (similar). This court does not appear to have squarely held likewise,[3] and so

---

binding case, coming amidst that court's denial of a motion to dismiss because it could not yet tell which limitations period applied to the suit before it, is the thinnest of reeds. *Lancaster*'s passing suggestion that quiet title actions "could" involve recovery of lands—which is true enough—was dictum where the court explicitly found it "premature" to determine the applicable limitations period. *Id.* Suffice it to say that, while we understand the district court judge's uncertainty about the applicable limitations period at that preliminary stage of the proceedings, that stray sentence does not lend any persuasive force to the view that all quiet title actions are for the recovery of lands.

[3] We have followed the prevailing view from time to time, but never with accompanying analysis that might constitute a holding. For example, *EMC Mortgage Corporation v. Patton* concerned a quiet title action in which the trial court applied a three-year limitations period because the dispute was based in an allegation of fraud—that the underlying deed of trust had been forged. 64 A.3d 182, 184, 186 (D.C. 2013). The parties did not take issue with that analysis and, without analyzing the question, we treated it as conceded that a three-year limitations period applied. But neither that case nor any of our other precedents that have followed suit have analyzed the question so as to be a binding holding on this issue.

today we make clear that when it comes to quiet title actions, our courts must look to the underlying theory of relief to discern the relevant limitations period.

Once we analyze U.S. Bank's underlying theory of relief, it is clear that its claims are not any sort of ejectment action that might be properly categorized as an action for the recovery of lands. Instead, its claims depend entirely on its attack on the 2014 foreclosure sale to Tyroshi because that sale, unless it is voided, extinguished all of U.S. Bank's interest in the unit.[4] That attempt to void the 2014 sale is most akin to a tort claim for wrongful foreclosure, or potentially a breach of contract claim against the condo association, both of which are subject to a three-year limitations period that renders U.S. Bank's claims untimely.[5] *See* D.C. Code

---

[4] Tyroshi stresses that it was not even in possession of the unit at the time U.S. Bank brought its claims, as the condo association had already barred Tyroshi and any of its potential tenants from accessing it. *Cf. Ward v. Wells Fargo Bank, N.A.*, 89 A.3d 115, 121 (D.C. 2014) (explaining that ejection actions can be brought against those in actual possession of property, or in possession "by tenant" (quoting D.C. Code § 16-1101(a)(1))). That is a fair enough point, but we put no stock in it because regardless of that fact, U.S. Bank's suit depends entirely on voiding out the 2014 foreclosure sale. For that reason alone its claims sound in tort or contract, not the recovery of lands.

[5] This case involves the wrinkle, irrelevant for our purposes, that Fannie Mae owned the loan at the time of the 2014 foreclosure sale. Because of that, federal law seems to supply the relevant limitations periods if, as U.S. Bank claims, the 2014 foreclosure sale was in violation of the so-called "federal foreclosure bar," 12 U.S.C. § 4617(j)(3), at least if U.S. Bank is permitted to assert that bar on Fannie Mae's behalf. *See generally Staab v. Wells Fargo Bank, N.A.,* 328 A.3d 391, 393 (D.C.

§ 12-301(a)(7), (8).  In neither case is it an action for the recovery of lands.  A plaintiff cannot smuggle all title disputes into the fifteen-year limitations period reserved only for those seeking to regain physical possession of land simply because some right to possession might flow from such title disputes.  "A suit is not necessarily one 'for recovery of real estate,' because such recovery will follow as an incident to the plaintiff's success." *James v. James*, 225 P. 208, 209 (Colo. 1924); *see also id.* ("[S]uits to cancel deeds are not for the recovery of lands, within the meaning of the . . . statute of limitations." (citations omitted)).

Subjecting all quiet title actions to a fifteen-year limitations period would also wreak practical havoc, upending the finality of real estate sales in a broad sweep of cases across the District, which the legislature surely did not intend.  Consider the multitude of ways that quiet title actions can arise: a buyer can seek to void a prior purchase by claiming they were fraudulently induced into making it, or the seller might claim that the buyer breached the contract of sale by failing to provide some

---

2024) (discussing the federal foreclosure bar).  Federal law provides either a three-year limitations period if the underlying claim sounds in tort or a six-year period if it sounds in contract.  *See* 12 U.S.C. § 4617(b)(12)(A).  That federal statute is some confirmation of our view that this action to void the 2014 sale sounds in either tort or contract—those are the only two possibilities contemplated by the federal statute, which does not mention the recovery of lands or any other potential limitations period.  And U.S. Bank brought its claims after the six-year mark, so even if we assumed its claim sounded in contract it would still be an untimely suit under the federal statute.

modicum of required consideration. The D.C. Code contemplates that those parties would have three years to bring complaints like theirs via lawsuit, because they are classic tort and breach of contract claims respectively. D.C. Code § 12-301(a)(7), (8). Not so, if U.S. Bank and the trial court have it right, at least not with regards to real estate.[6] All of those real estate sales will remain subject to attack for a full fifteen years regardless of the theory underpinning the attack on the sale.

We will not subject property owners to be "surprise[d] through the revival of claims that have been allowed to slumber" for over a decade absent some clear legislative command to that effect, and there is none. *Brookens v. United States*, 182 A.3d 123, 129-30 (D.C. 2018) (quoting *Ord. of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)). That would do violence to the basic finality interests that limitations periods serve and that are crucial to "a well-ordered judicial system." *Id.* at 129 (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980)). Real estate transactions require finality and certainty. Sellers, buyers, lenders, and title insurers must be able to rely on the stability of title without fear

---

[6] Recall that the fifteen-year limitations period in D.C. Code § 12-301(a)(1) applies to actions for the recovery of "tenements" and "hereditaments" as well, not just to land. While we do not hazard a precise definition of all that those statutory terms encompass, it would appear as if U.S. Bank's reading of the statute would enlarge the limitations period for suits that extend beyond real estate disputes.

that all sales can be unwound, for whatever reason, for up to fifteen years after their completion.

### B. U.S. Bank cannot now raise a laches claim.

During oral argument, U.S. Bank at times pivoted away from its argument that a fifteen-year limitations period applied to its suit, and instead argued that no limitations period applies at all. That is because, in its view, we should apply the equitable doctrine of laches to forgive its untimely suit given that Tyroshi did not record its 2014 deed until 2018, and it did not do anything to stop the 2016 foreclosure sale at which U.S. Bank made its own purchase. *Nicklin v. Stonesdale Unit Owners' Ass'n*, 307 A.3d 477, 488 (D.C. 2024) ("The doctrine of laches is an affirmative defense that applies only where the party invoking the doctrine shows 'an undue and unexplained delay on the part of one party which works an injustice to the other party.'" (quoting *Amidon v. Amidon*, 280 A.2d 82, 84 (D.C. 1971))).

U.S. Bank did not brief this argument, so we decline to resolve it. *Fort Myer Constr. Corp. v. Briscoe*, 298 A.3d 770, 778-79 (D.C. 2023) ("[W]e generally do not consider arguments raised for the first time at oral argument." (quoting *Brookens*, 182 A.3d at 133 n. 18)). But we observe that U.S. Bank makes a less than compelling equitable appeal for three reasons: (1) it knew of the 2014 foreclosure sale to Tyroshi when it acquired the loan in 2015, and then purchased the property in 2016, making

Tyroshi's delayed recordation of its deed a seeming irrelevancy; (2) it was not incumbent on Tyroshi to intervene in the 2016 sale if it preferred to let U.S. Bank bring any litigation fight to it, rather than vice versa, given that Tyroshi is the unquestioned title holder for the unit unless and until that 2014 sale is upended; and (3) "the defense of laches does not apply to purely legal claims," only to "claims at equity," and U.S. Bank has not undertaken the task of explaining why its claims fall on the latter side of that divide. *See Naccache v. Taylor*, 72 A.3d 149, 152-53 (D.C. 2013). Those are just a few of the hurdles standing in the way of U.S. Bank's late-breaking laches defense, and given its failure to brief that issue, we do not resolve it.

### C. U.S. Bank's unjust enrichment claim survives in part.

There is one notable caveat to our holding that U.S. Bank's claims are time-barred, and it concerns some uncertain portion of its unjust enrichment claim. In that claim, U.S. Bank argued that if its other claims are rejected (as we have now rejected them), Tyroshi should at least have to reimburse U.S. Bank for the tax and condo assessment payments that it has made since 2016. The trial court did not reach this issue, but it now comes to the forefront.

The statute of limitations on unjust enrichment claims is three years, and to whatever extent U.S. Bank made its tax and condo assessment payments within three

years of bringing its unjust enrichment claim, it has a plausible claim for recouping those payments. *See Flagstar*, 333 A.3d at 862-63. Because the trial court did not address this issue, we remand the unjust enrichment claim for the trial court's consideration. On remand, the trial court should determine: (1) which payments U.S. Bank made within three years of filing its complaint in September 2020; and (2) whether equity requires reimbursement given that U.S. Bank made these payments with apparent knowledge of Tyroshi's claim to the property. We express no view about those questions.

### III. Conclusion

We reverse the trial court's judgment and remand for the trial court to consider U.S. Bank's unjust enrichment claim.

*So ordered.*